# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **EDWARD F. AUTHENMENT, III** | **CIVIL ACTION** |
| **VERSUS** | **NO: 10-2107** |
| **INGRAM BARGE COMPANY, ET AL.** | **SECTION: "H" (4)** |

## ORDER

Before the Court is a **Motion for A More Definite Statement (R. Doc. 134)**, filed by Defendant Insurance Company of North America ("INA"), seeking an order from this Court requiring Plaintiff Edward F. Authenment, III ("Authenment") to provide a more definite statement of his second amended complaint.  The motion was heard on the briefs on June 6, 2012. (R. Doc. 140.)  Authenment filed a memorandum in opposition on June 5, 2012.  (R. Doc. 142.)

## I.    Factual and Procedural Background

On July 27, 2010, Authenment filed a personal injury lawsuit against Ingram Barge Company ("IBC"), Cenac Towing Co., L.L.C. ("CTC"), and Mid-Coast Barge Corporation ("MCBC") (collectively "Defendants") in this District Court.[1]  (R. Doc. 1.)  Authenment also included "[a]ll Liability Insurers, who shall be identified through discovery or otherwise" as other potential defendants.  (R. Doc. 1, ¶ III.)

---

[1]The presiding district court judge granted a partial dismissal of IBC on June 7, 2012 (R. Doc. 147.)  The partial dismissal allows Authenment to reopen the case if the settlement agreement between the parties is not consummated.  (R. Doc. 147.)  The presiding district court judge also granted a motion to dismiss CTC without prejudice on May 23, 2011 (R. Doc. 64) and granted a motion to voluntary dismiss MCBC with prejudice on February 24, 2012. (R. Doc. 114.)

Authenment alleges that he worked as a deckhand, tankerman, and pilot on various vessels for IBC, CTC, and MCBC from 1977 through 1994. (R. Doc. 1, ¶¶ V, VI, VII.)  Authenment's complaint alleges that while working for Defendants, he was exposed to benzene and benzene-containing chemicals and solvents.  (R. Doc. 1, ¶ VIII.)  He contends that this exposure caused him to contract Acute Myelogenous Leukemia ("AML").  (R. Doc. 1, ¶ VIII.)  Authenment seeks all damages caused by Defendants' actions and/or misconduct and negligence "including but not limited to: past, present and further physical pain, suffering and loss of function; . . . loss of enjoyment of life; disfigurement . . . .  (R. Doc. 1, ¶ XIV.)

On March 26, 2012, Authenment filed a motion for leave to file a second amended complaint (R. Doc. 116), which this Court granted on April 5, 2012.  (R. Doc. 120.)  Authenment's second amended complaint added seven (7) additional defendants to his original complaint, including INA. (R. Doc. 122, pp. 1-4.)  Authenment alleges that because INA was an insurer of MCBC at the time of the alleged chemical exposer, INA is liable for damages.  (R. Doc. 122, ¶¶ VI, XXI.)

As to the instant motion, INA seeks an order from this Court requiring Authenment to provide a more definite statement of his second amended complaint.  Specifically, INA asks for any policy numbers for insurance coverage it allegedly issued to MCBC.  (R. Doc 134-1, p. 4.)  INA argues that Authenment's second amended complaint, as it relates to INA, does not include enough information to provide a responsive pleading.  (R. Doc. 134-1, p. 2.)  Therefore, pursuant to Federal Rules of Civil Procedure ("Rule") 12(e), Authenment should provide a more definite statement.

## II.     <u>Standard of Review</u>

Rule 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot

reasonably prepare a response." Fed.R.Civ.P. 12(e).  The standard for evaluating a motion under Rule 12(e) is "whether the complaint is so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it."  *Coleman v. H.C. Price Co.*, No. 11-2937, 2012 U.S. Dist. LEXIS 46756, at * 19 (E.D. La. April 3, 2012).  However, a party may not use a Rule 12(e) motion as a substitute to discovery.  *Who Dat Yat Chat, LLC v. Who Dat, Inc.*, No. 10-1333 c/w 10-2296, 2012 U.S. Dist. LEXIS 79677, at *18 (E.D. La. June 8, 2012).

A "12(e) motion is disfavored, in that 'in view of the great liberality of Rule 8, permitting notice pleading, it is clearly the policy of the Rules that Rule 12(e) should not be used to frustrate this policy by lightly requiring a plaintiff to amend his complaint which under Rule 8 is sufficient to withstand a motion to dismiss.'"  *Coleman*, 2012 LEXIS 46756, at *20 (*citing Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 132 (5th Cir. 1959).  However, even though  "a complaint does not need 'detailed factual allegations, . . . more than labels and conclusions are necessary, and a formulaic recitation of the elements of a cause of action will not do.'"  *HSI Telecomms. v. Binh Van Corp.*, No. 11-2874, 2012 U.S. Dist. LEXIS 83216, at *6 (E.D. La. June 14, 2012) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

## III.   Analysis

The Court first notes that INA's motion for a more definite statement was noticed for submission on June 6, 2012.  (R. Doc. 140.)  Local Rule 7.5 requires any party opposing a motion to "file and serve a memorandum in opposition to the motion . . . no later than eight days before the noticed submission date." L.R. 7.5.  Thus, any memoranda in opposition were due no later than May 29, 2012.  Authenment's memorandum in opposition was not filed until June 5, 2012 - seven (7) days after the deadline.  Authenment did not provide the Court with an explanation for its failure to

file a timely memorandum in opposition, nor did he seek leave of the Court to file its opposition after the deadline.  Thus, Authenment's opposition is untimely and will not be considered by the Court.

In support of its motion, INA argues that the second amended complaint fails to allege what insurance policy it issued to MCBC and what the time frame of the coverage was.  INA further argues that after searching its records, it is unable to locate any policies it may have issued to MCBC.  INA contends that "[w]ithout a more definite statement from [Authenment], INA does not have sufficient information to frame a responsive pleading."  (R. Doc. 134-1, p. 4.)

The Fifth Circuit has held that Rule 12(e) should not be used to frustrate the policy of Rule 8 by "lightly requiring a plaintiff to amend his complaint which under Rule 8 is sufficient to withstand a motion to dismiss."  *Mitchell*, 269 F.2d at 132.  To comply with Rule 8, a plaintiff's statement of his claim "must simply 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'"  *Glen. Elec. Captial Corp. v. Posey*, 415 F.3d 391, 296 (5th Cir. 2005) (quoting *Swierkiewicz v. Sorema N.A..*, 534 U.S. 506, 512 (2002)).

Here, Authenment alleges that he worked as a tankerman for MCBC on various vessels from 1984 through 1986.  (R. Doc. 122, ¶ VI.) He contends that while working for MCBC he was exposed to chemicals that caused him to contract AML. He further alleges that INA "[was] at all relevant times [an] insurer[] of [MCBC]." (R. Doc. 116.1, ¶ VI.)  He argues that "[a]s a result of all acts of commission and omissions set forth in this Complaint, Defendants, . . . [MCBC] . . . and their insurers . . . [INA] . . . are liable  . . . for all damages . . . ."  (R. Doc. 116-1, ¶ XXI.)  The Court finds that Authenment's second amended complaint provides adequate notice of the claim because it alleges that INA is liable for damages caused by MCBC's negligence.  The second amended

4

complaint also provides adequate grounds upon which the claim rests because it alleges INA was MCBC insurer during the time of the chemical exposure.  Thus, Authenment's second amended complaint cannot be considered vague or ambiguous.

In support of its motion, INA relies upon *Axis Surplus Co. v. Third Millennium Inc. & Fin. Servs. Incl*., 781 F. Supp. 2d 320, 323 (E.D.La 2011) purportedly for the proposition that "without knowing what alleged INA policies are at issue in the Complaint as amended, INA cannot adequately prepare a response."  (R. Doc. 134-1, p. 4.)  However, *Axis Surplus Co.* does not stand for the proposition as advanced by INA.

In *Axis Surplus Co*., the plaintiff sought a declaratory judgment that no insurance coverage existed for a fire that was caused by the defendants.  781 F. Supp. at 322.  Defendants argued that they were beneficiaries of plaintiff's insurance policy.  *Id*. at 324.  In granting the plaintiff's motion, the court reasoned that because defendants were not specified in the insurance policy, they could not benefit from the policy.  *Id*. at 325.  The instant matter is distinguishable from *Axis Surplus Co.*

Unlike in *Axis Surplus Co*., Authenment is not arguing that he is a beneficiary of INA. Rather, he alleges that because INA insured MCBC during the time of the chemical exposure, INA is liable for damages arising from the negligent exposure to toxic chemicals.  In other words, though an insurance policy is like a contract, in the instant matter, it is a contract between INA and MCBC and not between INA and Authenment.  Consequently, it is INA, rather than Authenment, that has more knowledge and access to the existence of the alleged insurance policy.  *See Coleman*, 2012 LEXIS 46756, at *21 (stating a 12(e) motion is disfavored when the particular information sought is within defendants own knowledge). Moreover, a motion for a more definite statement is disfavored when the additional information sought can otherwise be gained through discovery.

5

*Total Envtl. Solutions v. St. Paul Fire and Marine Ins. Co.*, No. 02-3309, 2033 U.S. Dist. LEXIS 3348, at *4 (E.D. La. Feb. 25, 2003).  Here, INA's request for specific policy numbers can be acquired through discovery.  The absence of a policy number does not hinder INA from providing a responsive pleading.  Thus, Authenment is not required to provide a more definite statement of the second amended complaint.

**IV.**     **Conclusion**

Accordingly,

**IT IS ORDERED** that INA's **Motion to for a More Definite Statement (R. Doc. 134)** is hereby **DENIED**.

New Orleans, Louisiana, this 9th day of July 2012.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**